**Pennsylvania Rules of Evidence**

**Rule 201.     Judicial Notice of Adjudicative Facts.**

(a)     **Scope.**  This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

(b)     **Kinds of Facts [That May Be] <u>that may be</u> Judicially Noticed.**  The court may judicially notice a fact that is not subject to reasonable dispute because it:

   (1)     is generally known within the trial court's territorial jurisdiction; or

   (2)     can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c)     **Taking Notice.**  The court:

   (1)     may take judicial notice on its own; or

   (2)     must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d)     **Timing.**  The court may take judicial notice at any stage of the proceeding.

(e)     **Opportunity to [Be] <u>be</u> Heard.**  On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed.  If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(f)     **Instructing the Jury.**  The court must instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

**Comment:**  This rule is identical to F.R.E. 201, except for **[paragraph] <u>subdivision</u>** (f).

Pa.R.E. 201(a) limits the application of this rule to adjudicative facts. This rule is not applicable to judicial notice of law.  Adjudicative facts are facts about the events, persons **[and]<u>,</u>** places**<u>, or other subjects</u>** relevant to the matter before the court.  *See* **[2 McCormick, Evidence § 328 (6th ed. 2006)] <u>1 West's Pa. Prac., Evidence §§ 201-1, 201-2 (4th ed. 2021)</u>**.

In determining the law applicable to a matter, the judge is sometimes said to take judicial notice of law.  In Pennsylvania, judicial notice of law has been regulated by

decisional law **[and],** statute**, and rule**. *See In re Annual Controller's Reports for Years 1932, 1933, 1934, 1935 and 1936*, **[333 Pa. 489,]** 5 A.2d 201 (**Pa.** 1939) (judicial notice of public laws); 42 Pa.C.S. § 6107 (judicial notice of municipal ordinances); 42 Pa.C.S. § 5327 (judicial notice of laws of any jurisdiction outside the Commonwealth); 45 Pa.C.S. § 506 (judicial notice of the contents of the Pennsylvania Code and the Pennsylvania Bulletin)**; *see also, e.g.,* Pa.R.A.P. 126 (citation of authority); Pa.R.Civ.P. 242 (same); Pa.R.J.C.P. 138 and 1138 (same), Pa.R.O.C.P. 1.22 (same), Pa.R.Crim.P. 102.1 (same), and Pa.R.Civ.P.M.D.J. 242 (same)**. **[These rules are]** **This rule is** not intended to change existing provisions of law.

Pa.R.E. 201(f) differs from F.R.E. 201(f). Under the Federal Rule the court is required to instruct the jury to accept as conclusive any fact judicially noticed in a civil case. In a criminal case, the judicially noticed fact is not treated as conclusive. Under Pennsylvania law, the judicially noticed fact has not been treated as conclusive in either civil or criminal cases, and the opposing party may submit evidence to the jury to disprove the noticed fact. *See Appeal of Albert*, **[372 Pa. 13,]** 92 A.2d 663 (**Pa.** 1952); *Commonwealth v. Brown,* **[428 Pa. Super. 587,]** 631 A.2d 1014 (**Pa. Super.** 1993).

**[Official Note: Adopted May 8, 1998, effective October 1, 1998; rescinded and replaced January 17, 2013, effective March 18, 2013.**

**Committee Explanatory Reports: Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013).]**